%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PET360, INC.

### DEFENDANTS
PETSMD, INC.

**(b)** County of Residence of First Listed Plaintiff: Montgomery, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Travis, TX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
See Attachment

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 15 USC 1051
Brief description of cause: Trademark Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ PRELIMINARY INJUNCTION
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE n/a   DOCKET NUMBER n/a

DATE: 01/31/2011
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## PET360, INC. v. PETSMD, INC.

## ATTACHMENT TO CIVIL COVER SHEET

## BOX 1(C) – PLAINTIFF'S ATTORNEYS

## REGER RIZZO & DARNALL LLP

John J. Barrett, Jr., Esquire
Atty. Id. No.: 16847

Philip W. Fisher, Esquire
Atty. Id. No.: 56264

Daniel L. Fiore, Esquire
Atty. Id. No.: 81303

2929 Arch Street
Cira Centre, 13th Floor
Philadelphia, PA 19104
P: 215-495-6500
F: 215-495-6600

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **PET360, INC.**

Address of Defendant: **PETSMD, INC.**

Place of Accident, Incident or Transaction: **MONTGOMERY COUNTY, PA**
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases **Trademark Infringement**
   (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, **DANIEL L. FIORE**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 01/31/2011     _/s/ Daniel L. Fiore_     81303
                     Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/31/2011     _/s/ Daniel L. Fiore_     81803
                     Attorney-at-Law            Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

**PET360, INC.,**
     Plaintiff,      :    CIVIL ACTION

  v.             :

**PETSMD, INC.,**
     Defendant.    :    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

_01/31/2011_    _Daniel Fiore_    _[signature]_
**Date**        **Attorney-at-law**    **Attorney for Plaintiff**

(215) 495-6533    (215) 495-6600    dfiore@regerlaw.com

**Telephone**      **FAX Number**    **E-Mail Address**

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PET360, INC.**<br>2250 Hickory Road<br>Plymouth Meeting, PA 19462<br><br>                              Plaintiff,<br><br>v.<br><br>**PETSMD, INC.**<br>6250 Fair Valley Trail<br>Austin, TX 78749<br><br>                              Defendant. | :<br>:<br>:<br>:   **CIVIL ACTION**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   **No.**<br>:<br>:<br>: |

## CIVIL ACTION - COMPLAINT

### I.   THE PARTIES, JURISDICTION AND VENUE

1.   Plaintiff Pet360, Inc. ("Pet360") is a Delaware corporation with its principal place of business at 2250 Hickory Road, Plymouth Meeting, Montgomery County, Pennsylvania.

2.   Defendant PetsMD, Inc. ("Defendant") is a Delaware corporation with a principal place of business at 6250 Fair Valley Trail, Austin, Texas.

3.   This Court has jurisdiction over the parties and subject matter of this civil action pursuant to 28 U.S.C. §§ 1331 and 1338, in that the action arises in part under the laws of the United States of America, specifically, 15 U.S.C. § 1051, *et seq.*, and supplemental jurisdiction over the claims arising under the laws of the Commonwealth of Pennsylvania pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy.

4.   The Court has personal jurisdiction over Defendant because, among other things, Defendant conducts substantial business within this district; because the acts complained of

herein have been directly and specifically intended to cause injury to Pet360 in this district, and because the harm suffered by Pet360 within this district flows directly from such business conducted by Defendant.

5.   Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## II.   THE PET360 MARKS

6.   Pet360 is the owner of the address on the internet, known as a Uniform Resource Locator ("URL"), www.petmd.com, through which it provides information to consumers via the Internet regarding health, grooming, breeding and nutrition of animals and pets (the "Website").

7.   Pet360 and its parent corporation, PetFoodDirect, Inc., are one of the industry's leading Internet providers of pet care products and services.

8.   This position was obtained through substantial time, effort, and investment in research and development, and by the acquisition of companies with complementary technologies and intellectual property.

9.   As a result of its endeavors, Pet360 has created and owns valuable intellectual property in the form of trademarks, copyrights and trade secrets that together constitute the PETMD brand.

10.   Pet360 (and its predecessors) have continually used and advertised PETMD throughout the United States of America since at least 1998.

11.   The PETMD brand includes the distinctive and arbitrary marks currently pending registration on the principal register of the United States Patent and Trademark Office in connection with providing, without limitation, downloadable scientific and medical information

2

regarding pets and animals as follows (collectively the "Marks"):

| | |
|---|---|
| PETMD | Serial No. 85209224 |
| PETMD AND DESIGN | Serial No. 85209340 |
| PETMD.COM | Accepted for Registration – Number pending.  Serial No. 77506598 |
| PETMD ESPANOL | Serial No. 77518364 |

12. The PETMD brand also includes the rights to the following distinctive and arbitrary related marks (collectively the "Related Marks") in connection with the same or similar services:

| | |
|---|---|
| BREEDOPEDIA | Reg. No. 3635233 |
| BECAUSE PETS CAN"T TALK | Reg. No. 3557488 |
| PET360 | Serial No. 77932648 |
| PET360 and DESIGN | File Pending |

13  As a direct result of Pet360's efforts the PETMD brand is recognized by consumers throughout the United States of America as one of the leading providers of up to date information on pet health and science.

### III.   THE INFRINGEMENT

14. Defendant is the registrant of the website URL www.petsmd.com, through which it provides consumers with information related to health, grooming, breeding and nutrition of animals and pets under the "PETSMD" design and standard character marks (the "Infringing Marks").

15. Defendant's use of the Infringing Marks in its promotion and advertising of its services constitutes the use in commerce of a colorable imitation, copy and reproduction of Pet 360's PETMD brand, for the same services.

3

16. The marks share an identical sight and sound and a strong similarity of meaning.

17. Defendant's use of the Infringing Marks is deceptively and confusingly similar to Pet360's long-standing rights in PETMD.

18. Defendant's services are distributed and sold in the same types of channels of trade and to the same classes of purchasers as Pet360's services.

19. Defendant's use of Infringing Marks is likely to cause confusion, mistake, or deception in the mind of the public.

20. Defendant's infringement constitutes a willful and malicious violation of Pet360's trademark rights, aimed at preventing Pet360 from continuing to build a business around a mark that it has long possessed.

## COUNT I – INFRINGEMENT OF REGISTERED MARK

20. Pet360 incorporates by reference the averments set forth in paragraphs 1 through 20 above as though the same were set forth at length herein.

21. Defendant's above averred acts constitute infringement of federally registered service marks in violation of 15 U.S.C. § 1114.

22. Defendant's use of the Infringing Marks in connection with the advertising, use, and/or sale of information related to health, grooming, breeding and nutrition of animals and pets is likely to cause confusion, to cause mistake, and/or to deceive the public regarding the source of such services.

23. Defendant has acted willfully with the knowledge that its activities are intended to cause confusion, to cause mistake, and to deceive, and are attended by circumstances of malice or of a wanton and reckless disregard for Pet360's rights, entitling Pet360 to an award of treble damages and reasonable attorney's fees.

24. Pet360 has sustained irreparable harm to its business, reputation, and goodwill, and, unless Defendant is enjoined and restrained by this Court, Defendant will continue in the activities alleged herein and as a result thereof, Pet360 will continue to sustain irreparable harm to its business, reputation and goodwill.

25. As a direct and proximate result, Pet360 has suffered damage to its business, reputation and goodwill.

WHEREFORE, plaintiff, Pet360, Inc., respectfully requests judgment in its favor and against Defendant as follows:

(i) A preliminary and permanent injunction enjoining Defendant and its licensees, agents, employees and any person or entity acting in concert with them from using the Infringing Marks, www.petsmd.com, or any colorable imitation in any manner whatsoever;

(ii) An order requiring Defendant to deliver up www.petsmd.com, all catalogues, labels, signs, prints, packages, wrappers, receptacles, and advertisements in its possession bearing the Infringing Mark or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. § 1118;

(iii) An accounting of and a judgment for the profits and damages to which Pet360 may be entitled;

(v) Treble Damages;

(vi) Punitive damages;

(vii) Attorneys' fees;

(viii) Costs of this action; and

(ix) Such further relief as this Court deems just and proper.

## COUNT II - FALSE REPRESENTATIONS AND FALSE DESIGNATION OF ORIGIN – SECTION 43(a) LANHAM ACT

26. Pet360 incorporates by reference the averments set forth in paragraphs 1 through 25 above as though the same were set forth at length herein.

27. Defendant's acts constitute false designation of origin and/or false description in violation of 15 U.S.C. § 1125(a).

28. Defendant's use of the Infringing Marks in connection with the advertising, use, and/or sale of downloadable information related to health, grooming, breeding and nutrition of animals and pets falsely describes or represents to the public the source of the infringing services.

29. Defendant's use of the Infringing Marks is calculated to trade on Pet360's goodwill, deceive the public and pass off Defendant's services as the services of Pet360.

30. Defendant has knowingly caused its services and products to enter into and affect commerce with knowledge of the falsity of such designation of origin and/or description or representation.

31. Upon information and belief, Defendant, by its unfair and improper use of the Infringing Marks, have made profits to which they are not entitled in law or in equity.

32. Pet360 has sustained irreparable harm to its business, reputation, and goodwill, and, unless Defendant is enjoined and restrained by this Court, Defendant will continue in the activities alleged herein and as a result thereof, Pet360 will continue to sustain irreparable harm to its business, reputation and goodwill.

33. Defendant's acts have been willful and/or with a wanton and reckless disregard for Pet360's rights.

34. As a direct and proximate result, Pet360 has suffered damage to its business, reputation and goodwill.

WHEREFORE, plaintiff, Pet360, Inc., respectfully requests judgment in its favor and against Defendant as follows:

(i) A preliminary and permanent injunction enjoining Defendant and its licensees, agents, employees and any person or entity acting in concert with them from using the Infringing Marks, www.petsmd.com, or any colorable imitation in any manner whatsoever;

(ii) An order requiring Defendant to deliver up www.petsmd.com, all catalogues, labels, signs, prints, packages, wrappers, receptacles, and advertisements in its possession bearing the Infringing Mark or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. § 1118;

(iii) An accounting of and a judgment for the profits and damages to which Pet360 may be entitled;

(iv) Treble Damages;

(v) Punitive damages;

(vi) Attorneys' fees;

(vii) Costs of this action; and

(vii) Such further relief as this Court deems just and proper.

## COUNT III – CYBERSQUATTING IN VIOLATION OF 15 U.S.C. § 1125(d)

35. Pet360 incorporates by reference the averments set forth in paragraphs 1 through 34 above as though the same were set forth at length herein.

36. The domain name "petsmd.com" is confusingly similar to the Marks and domain name owned by Plaintiff.

37. Defendant uses the domain name "petsmd.com" with the bad faith intent to profit from the mark.

38. Defendant uses the domain name for the primary purpose of attracting internet customers to the "petsmd.com" website for commercial gain. Defendant's sole intent in using the domain name was to seek commercial gain by trading on Plaintiff's goodwill, by attempting to divert consumers from Plaintiff's online location, and by creating a likelihood of confusion as to the source, sponsorship, affiliation and endorsement of the website.

39. Upon information and belief, the registrants of the "petsmd.com" domain name seek and at all relevant times have sought to profit from the unauthorized and illegal use of an iteration of the Marks.

40. Plaintiff did not consent to Defendant's use of the domain name "petsmd.com".

41. Defendant will continue, unless restrained, to use the "petsmd.com" domain names, causing irreparable damage to Plaintiff's business, goodwill and reputation.

42. Plaintiff has no adequate remedy at law. Unless Defendant is preliminary and permanently enjoined from committing these unlawful acts as set forth above, and the domain name associated with Defendant's website is ordered transferred to Plaintiff, Plaintiff will continue to suffer irreparable harm.

WHEREFORE, plaintiff, Pet360, Inc., respectfully requests judgment in its favor and against Defendant as follows:

(i) A preliminary and permanent injunction enjoining Defendant and its licensees, agents, employees and any person or entity acting in concert with them from using the Infringing Marks, www.petsmd.com, or any colorable imitation in any manner whatsoever;

(ii) An order requiring Defendant to deliver up www.petsmd.com, all catalogues, labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing the Infringing Marks or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same;

(iii) Transfer of the www.petsmd.com domain name under 15 U.S.C. § 1125(d);

(iv) An accounting of and a judgment for the profits and damages to which Pet360 may be entitled;

(v) Attorneys' fees;

(vi) Costs of this action; and

(vii) Such further relief as this Court deems just and proper.

### COUNT IV - VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT – 73 P.S. § 201-1, et. seq.

43. Pet360 incorporates by reference the averments set forth in paragraphs 1 through 42 above as though the same were set forth at length herein.

44. Defendant's willful, intentional and malicious conduct, as alleged above, presents a likelihood of public confusion or misunderstanding as to the source, sponsorship or approval of Defendant's services.

45. Defendant's conduct has created a likelihood of confusion as to affiliation, connection or association between the respective services provided by Defendant and Plaintiff.

46. Defendant has so closely imitated the Marks and System so as to create a likelihood of confusion or misunderstanding in the marketplace as to the source of the respective services provided by Pet360 and Defendant.

47. Pet360 has suffered and continues to suffer irreparable harm as a result of Defendant's acts and has no adequate remedy at law.

48. The foregoing misconduct of Defendant constitutes violations of the Pennsylvania Unfair Trade Practices & Consumer Protection Law, 73 P.S. § 201-1, et. seq.

WHEREFORE, plaintiff, Pet360, Inc., respectfully requests judgment in its favor and against Defendant as follows:

(i) A preliminary and permanent injunction enjoining Defendant and its licensees, agents, employees and any person or entity acting in concert with them from using the Infringing Marks, www.petsmd.com, or any colorable imitation in any manner whatsoever;

(ii) An order requiring Defendant to deliver up www.petsmd.com, all catalogues, labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing the Infringing Marks or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same;

(iii) An accounting of and a judgment for the profits and damages to which Pet360 may be entitled;

(iv) Treble damages;

(v) Punitive damages;

(vi) Attorneys' fees;

(vii) Costs of this action; and

(viii) Such further relief as this Court deems just and proper.

## COUNT V – COMMON LAW UNFAIR COMPETITION

49. Pet360 incorporates by reference the averments set forth in paragraphs 1 through 48 above as though the same were set forth at length herein.

50. Defendant continues to operate under the Infringing Marks and to make use of and to otherwise trade on the goodwill, reputation and position of Pet360.

51. Defendant's above averred acts constitute infringement and unfair competition in violation of the both the federal common law and that of the Commonwealth of Pennsylvania.

52. As a direct and proximate result, Pet360 has suffered, and continues to suffer, damage to its business, reputation and goodwill.

53. Unless Defendant's acts of infringement and unfair competition are restrained and enjoined, Pet360 will be seriously and irreparably damaged.

WHEREFORE, plaintiff, Pet360, Inc., respectfully requests judgment in its favor and against Defendant as follows:

(i) A preliminary and permanent injunction enjoining Defendant and its licensees, agents, employees and any person or entity acting in concert with them from using the Infringing Marks, www.petsmd.com, or any colorable imitation in any manner whatsoever;

(ii) An order requiring Defendant to deliver up www.petsmd.com, all catalogues, labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing the Infringing Marks or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same;

(iii) An accounting of and a judgment for the profits and damages to which Pet360 may be entitled;

(iv) Punitive damages;

(v) Attorneys' fees;

(vi) Costs of this action; and

(vii) Such further relief as this Court deems just and proper.

Respectfully submitted,

**REGER RIZZO & DARNALL LLP**

Dated: 01/31/2011

By: _[signature]_
John J. Barrett, Jr., Esquire
Atty. Id. No.: 16847
Philip W. Fisher, Esquire
Atty. Id. No.: 56264
Daniel L. Fiore, Esquire
Atty. Id. No.: 81303
2929 Arch Street
Cira Centre, 13th Floor
Philadelphia, PA 19104
P: 215-495-6500
F: 215-495-6600

12